### John L. Bloomfield, Appellant, v. Wilson Coziah, Appellee.

### Gen. No. 5403.

FINDING OF COURT—*when not disturbed as against the evidence.* A finding by the court hearing the case without a jury will not be set aside as against the evidence unless manifestly against its weight.

Action commenced before justice of the peace. Appeal from the Circuit Court of Knox county; the Hon. R. J. GRIER, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

M. J. DAUGHERTY, for appellant.

WILLIAMS, LAWRENCE, WELSH & GREEN and F. O. McFARLAND, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellant sued appellee before a justice of the peace for trespass to real estate. In the Circuit Court, on appeal, the cause was tried without a jury and there was a finding and a judgment for defendant below and plaintiff below appeals.

The evidence was voluminous, conflicting and confusing. Many years ago a certain quarter section of land in Knox county was subdivided into eighteen lots of many different sizes and shapes. Lot 8 was in the southeast corner and lot 7 north of it. Lot 9 was next west of lot 8 and lot 6 next west of lot 7. Lot 10 was west of lots 6 and 9 and other lots. Lot 18 was west of the south part of lot 10. Appellant owned lot 7 and a lot north of it and lot 18. Alden and Seacord owned lots 8 and 9 and the south part of lot 10 and a man named Pittard owned lot 6. There was a fence on the south side of lots 6 and 7, dividing them from lots 8 and 9. Appellant claims that he wished to get a right of way between his lot 7 and his lot 18, and Alden and Seacord desired some concession concerning lot 10, and that an oral trade was made, by which appellant granted the concession desired by Alden and Seacord, and they gave him about a rod of land in width off the north side of lots 8 and 9. The fence which stood on the south side of lots 6 and 7 was then moved south some twelve to sixteen feet. Appellant claims that by virtue of that oral trade he became the owner of so much of that land on the north part of lot 9 as lies north of said fence after it was moved, being a strip about twelve or sixteen feet wide. Thereafter a railroad was constructed which entered the quarter section at about the southeast corner of lot 9 and passed northwesterly over lots 9 and 6 on a curve and passed out of lot 6 at about its northwest corner. Afterwards appellee became the owner of so much of lots 8, 9 and 6 as was east of the railroad, unless he failed to acquire title to this strip between lot 6 and the north fence on lot 9. Appellant put a gate in said fence between lots 6 and 9 east of the railroad and forbade appellee to pass through it. When appellee continued to pass through it to go from lots 8 and 9 to lot 6, appellant put a lock upon the gate. Appellee took off the lock and passed through. Appellant then nailed

up the gate.   Appellee took out the nails and opened the gate and passed through.   Each party threatened to decapitate the other.   Appellant then brought this suit in trespass for breaking and opening said gate and passing over said strip, and for damages for repairs which appellee made to some of the fences.

This suit having been begun before a justice of the peace, neither the justice nor the Circuit Court on appeal had any jurisdiction to try the title to the disputed strip.   Lot 6 owned by appellee, lot 7 owned by appellant, and this disputed strip, are all in one enclosure and always have been since the fence was moved.   Appellee is in possession of lot 6, which he owns, and as this strip is in the same enclosure, it cannot be said that appellant has any different possession of the strip than has appellee.   The land north of the fence is wooded and is pastured by both parties.   It is not disputed also that appellee owns the land south of the gate in lot 9.   Appellant therefore has no such possession of the disputed strip, adverse to appellee, as will entitle him to maintain trespass against appellee.   The evidence also is very conflicting, and on that account we do not feel authorized to disturb the conclusion of the trial judge, who heard the witnesses testify.   No propositions of law were presented and no question of law was preserved for review.

The judgment is therefore affirmed.

*Affirmed.*